FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 AUG 20  AM 10: 23

, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SHAWN CONNORS,<br><br>　　　　　　Defendant. | CRIMINAL COMPLAINT<br><br>Case Number: 19-MJ-70-S |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

From on or about June 1, 2017, through and including June 30, 2019, in the District of Wyoming, the Defendant, **SHAWN CONNORS** (DOB: XX/XX/1993), did knowingly ship and transport child pornography, as defined by Title 18, United States Code, Section 2256(8), using a means and facility of interstate commerce, namely, the Internet and a cellular telephone network.

In violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1).

### COUNT TWO

From on or about June 1, 2017, through and including July 15, 2019, in the District of Wyoming, the Defendant, **SHAWN CONNORS** (DOB: XX/XX/1993), did knowingly possess material which contains images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involve prepubescent minors, and which had been shipped and transported using a means and facility of interstate commerce, namely, the Defendant possessed and was in control of a Synchronoss Technologies remote storage account that contained images of child pornography which had been shipped and transported in interstate commerce by means of the Internet, a computer and a cellular telephone network.

In violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

I further state that I am a Special Agent with the Homeland Security Investigations (HSI) and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
NICOLE BAILEY

Sworn to before me and subscribed telephonically,

August 20, 2019                              at        Cheyenne, Wyoming
Date                                                          City and State

HON. KELLY H. RANKIN
Magistrate Judge, United States
District Court
_____        _____
Name & Title of Judicial Officer                        Signature of Judicial Officer

2

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## SPECIAL AGENT NICOLE D. BAILEY

### *UNITED STATES v. SHAWN CONNORS*

I, Nicole D. Bailey, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed by HSI as such since May 2003.

2. I successfully completed eleven weeks of Criminal Investigator Training at the Federal Law Enforcement Training Center. In addition, I completed eleven weeks of Special Agent Training with ICE Homeland Security Investigations (HSI). I also attended Undercover Agent training school at the Federal Law Enforcement Training Center and have been certified as an undercover agent with HSI. In 2014, I graduated from Basic Computer Evidence Recovery Training at the Federal Law Enforcement Training Center and I am designated by HSI as a Computer Forensic Agent. From May 2004 through September 2007, and since November 2010, I have been a part of the Wyoming Internet Crimes Against Children (ICAC) task force in Cheyenne, Wyoming, and presently, in Casper, Wyoming. The Wyoming ICAC is a cooperative effort of members from the Wyoming Division of Criminal Investigation (DCI), the Federal Bureau of Investigation (FBI) and the HSI, whose purpose is to investigate criminal violations of both federal and state child pornography and child exploitation laws. I have participated as either lead agent or assisting agent in excess of two hundred child pornography and child exploitation investigations and have been trained in the investigation of computer related child exploitation and child pornography cases. Additionally, I have trained other HSI agents in the investigative techniques necessary to conduct an investigation into the possession, receipt, and distribution of child pornography over the Internet utilizing file sharing sites.

3. The facts in this sworn statement come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This sworn statement is intended to show merely that there is sufficient probable cause for the complaint and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that **SHAWN CONNORS** has violated Title 18, United States Code, Sections 2252A(a)(1) and (b)(1), Transportation of Child Pornography, and Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography.

## PROBABLE CAUSE

5. Through my training and experience, as well as conversations with other experienced law enforcement officers, a review of materials available on the public website for Synchronoss Technologies, Inc., and their conversations with Michael Cocco, Senior Director of Compliance and Security for Synchronoss Technologies, Inc., I have learned that Synchronoss Technologies provides a variety of cloud based online storage services to mobile carrier companies including AT&T Inc., Verizon Wireless and Vodafone as well as other companies with an interest in offering cloud-based storage to their customers. These companies are then able to provide their subscribers with online storage accounts and services under their own brand names. These services allow subscribers to backup, synchronize, and store electronic data. Data stored by a subscriber can include, but is not limited to, contact lists, photos, videos, music, text messages, emails, call logs, and documents. A subscriber who has stored information in a Synchronoss online storage account can then access this data using multiple devices, including computers and smartphones. In some cases a subscriber can also share their stored data with other subscribers by allowing those other subscribers access to selected portions of their storage accounts.

6. When a subscriber transfers data to an online storage account operated by Synchronoss Technologies, the transfer is initiated at the user's computer, smartphone, or other electronic device. The data is then transferred via the Internet to servers owned and operated by Synchronoss Technologies. The data can then automatically be synchronized with and accessed by other electronic devices that have been registered with that storage account.

7. Synchronoss Technologies does not provide cloud storage to individual subscribers; instead individual subscribers obtain a Synchronoss online storage account by contracting through another company, such as a mobile service provider. The provider in turn contracts with Synchronoss Technologies. Because Synchronoss Technologies allows providers to brand their services, a subscriber may not realize that their information is stored online by Synchronoss Technologies.

8. I have learned that the mobile service provider Verizon Wireless contracts with Synchronoss Technologies for cloud storage space and services. Verizon Wireless then provides online storage accounts to its subscribers under the brand name "Verizon Cloud." Thus, a Verizon subscriber storing data in the "Verizon Cloud" is, in actuality, storing their data in a Synchronoss online storage account on servers owned, maintained, controlled, and operated by Synchronoss Technologies. The corporate servers of Synchronoss Technologies are therefore likely to contain stored electronic communications, data, and information concerning individual Verizon subscribers relating to their use of Synchronoss' services. These stored electronic communications and data can include, but are not limited to, contact lists, photos, videos, music, text messages, text message logs, retrieved and un-retrieved emails, call logs, and documents.

9. On or about June 30, 2019, I was assigned to investigate information received by the Wyoming ICAC Task Force from the National Center for Missing and Exploited Children (NCMEC)

on June 27, 2019. Specifically, I received the following NCMEC cybertips: 49832331, 49981814, 50154242, 51192736.

10. I reviewed Cybertip 49832331 and learned the following: On May 23, 2019, Synchronoss Technologies discovered 31 files of suspected child pornography that had been uploaded to their servers from the Verizon Wireless cellular telephone number of 307-689-6643. Synchronoss Technologies reported the upload to the NCMEC, who then generated a Cybertip based upon the reported information. As part of the Cybertip, Synchronoss Technologies submitted the 31 files as well as the phone number (307) 689-6643 that uploaded the child pornography files to servers at Synchronoss Technologies.

11. NCMEC queried the target phone number in a publicly available database and found it to be associated to a subscriber named "Connors Winona" in Gillette, Wyoming, and as such, forwarded the information received from Synchronoss Technologies to the Wyoming ICAC.

12. I reviewed one of the uploaded files entitled "832b2aee674b43eaa5698806978e865c_file1" and describe it as follows: A naked prepubescent female who is on her knees bent over. The image depicts a close up of the prepubescent child's anus and vagina. I believe that this image depicts child pornography.

13. I reviewed all 31 files and believe they all clearly depict child pornography.

14. On or about June 27, 2019, a Wyoming DCI Intel Analyst in Gillette, Wyoming queried the number (307) 689-6643 in local law enforcement databases and located a record which indicated that the phone number was associated with Gillette, Wyoming resident **Shawn CONNORS** (XX/XX/1993).

15. I requested a work-up from DCI Intel Analyst (IA) Sherrill Maddox and received the following information regarding **CONNORS**:

4

>Name: Connors, Shawn Michael Jr.
>DOB: XX/XX/1993
>SSN: XXX-XX-4275
>1624 Cimarron Circle, Gillette, Wyoming (WY DL/Agent provided)
>Phone(s): (307) 689-6643
>DL / IDs / Licenses: XXXXX9256 Valid WY DL as of 07/03/2019

16. IA Maddox also located a vehicle registered to **Shawn CONNORS** bearing Wyoming License Plate 17-29039, which was registered in June 2019 at 1205 GREEN AVE APT 318, GILLETTE WY 82716-4973. The vehicle is a 2004 silver 4-door Pontiac sedan.

17. On July 11, 2019, I applied for and received District of Wyoming search warrants for the content of the Verizon Wireless account and Synchronoss accounts associated with the phone number (307) 689-6643.

18. On June 11, 2019, I reviewed the remaining three cybertips and noted the following for each:

a. Cybertip 49981814 indicated that on or about May 29, 2019, Synchronoss Technologies discovered 22 additional files of suspected child pornography that had been uploaded to their servers from the Verizon Wireless cellular telephone number of 307-689-6643. I reviewed the 22 files and believe they depict child pornography. Some of the child sexual abuse imagery included bestiality and bondage of pre-pubescent children. I recognized many of these images from previous investigations.

b. Cybertip 50154242 indicated that on or about June 5, 2019, Synchronoss Technologies discovered two additional files of suspected child pornography that had been uploaded to their servers from the Verizon Wireless cellular telephone number of 307-689-6643. I reviewed the two files and believe they depict child pornography.

c. Cybertip 51192736 indicated that on or about June 25, 2019, Synchronoss Technologies discovered 23 additional files of suspected child pornography that had been uploaded to their servers from the Verizon Wireless cellular telephone number of 307-689-6643. I reviewed the 23 files and believe they depict child pornography, including images depicting toddlers.

19. In total, Synchronoss Technologies reported approximately 78 image files of child pornography within this account.

20. On or about June 11, 2019, United States Magistrate Judge Kelly Rankin issued two search warrants for account content. One search warrant (19-SM-123-R) authorized the search of the Verizon account related to the phone number 307-689-6643 maintained by Verizon Wireless. The second search warrant (19-SM-122-R) authorized the search of the Synchronoss account related to the phone number 307-689-6643. On or about June 15, 2019, I executed the search warrants to Verizon and Synchronoss.

21. On or about August 11, 2019, I received the contents, via courier, from Synchronoss Technologies for the return pursuant to the search warrant. The results were provided on an encrypted USB thumb drive.

22. I initially reviewed the content of the response and noted there are more than 72,000 files contained within the Synchronoss account. Upon an initial review of some of the files, I located dozens of image and video files depicting children engaged in sexually explicit conduct contained within the account. Specifically, I noted the following:

23. File entitled "104.gif" is a video file which depicts a prepubescent female tied up with black rope and wearing a mask. An adult male penis is being inserted into her vagina.

24. File entitled "1wcDnE" is a video file which depicts an adult's erect penis being inserted into the vagina of an infant female.

25. File entitled "2UYPj" is a video file which depicts an adult penis ejaculating into the mouth of a prepubescent female.

26. I reviewed the records from Synchronoss which indicates they contain records on this account from approximately June 2017 until July 15, 2019 (the date of the execution of the search warrant).

27. On or about August 7, 2019, I received the response from the search warrant from Verizon Wireless.

28. I reviewed the content from Verizon Wireless and learned that this phone number is subscribed to **Shawn CONNORS**, Social Security Number XXX-XX-4275, and has been since August 2015. Verizon provided the address 915 East 8th Street, Gillette, Wyoming.

29. I reviewed location records from Verizon Wireless and learned that from August 13, 2018 until at least July 11, 2019, **CONNORS'** cellular device only operated within the District of Wyoming, operating primarily in the area of Gillette, Wyoming.

30. I reviewed many of the messages provided by Verizon pursuant to this search warrant where someone sent this phone number a message addressing this user as "Shawn". Further, I found numerous "happy birthday" messages received on the date I know is **Shawn CONNORS'** birthday.

31. I reviewed images and videos within the Synchronoss account that depict the same person I believe is **Shawn CONNORS**.

32. Specifically, I located videos of the person I believe to be **Shawn CONNORS** engaged in masturbation and numerous videos of this adult male engaged in sexual acts with a dog.

I believe it is **Shawn CONNORS** based on tattoos located mid-thigh of both legs. I also located videos of **CONNORS** playing a guitar.

33. Based on the information above, I believe that between the dates of June 2017 and as of July 15, 2019, within the District of Wyoming, **Shawn CONNORS** transported numerous images and video files depicting child pornography, via the Internet or cellular network to a Synchronoss account. Further, I believe that on or between those dates, **CONNORS** possessed numerous images and videos of child pornography in the District of Wyoming.

**END OF SWORN STATEMENT**

## PENALTY SUMMARY

**DEFENDANT NAME:** SHAWN CONNORS

**DATE:** August 20, 2019

**INTERPRETER NEEDED:** No

**VICTIM(S):** Yes

**OFFENSE/PENALTIES:**

    **Count 1:** 18 U.S.C. §§ 2252A(a)(1) and (b)(1)
(Transportation of Child Pornography)

5-20 Years Imprisonment
Up to $250,000 Fine
5 Years to Life Supervised Release
$100 Special Assessment
$5,000 Special Assessment Pursuant to the Victims of Sex Trafficking Act of 2015

    **Count 2:** 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2)
(Possession of Child Pornography)

0-20 Years Imprisonment
Up to $250,000 Fine
5 Years to Life Supervised Release
$100 Special Assessment
$5,000 Special Assessment Pursuant to the Victims of Sex Trafficking Act of 2015

**TOTALS:** 5-40 Years Imprisonment
Up to $500,000 Fine
10 Years to Life Supervised Release
$200 Special Assessment
$10,000 Special Assessment Pursuant to the Victims of Sex Trafficking Act of 2015

**AGENT:** Nicole D. Bailey, HSI

**AUSA:** Stephanie A. Hambrick
Assistant United States Attorney

**Penalty Summary**
August 20, 2019
Page 2                                                                RE:  Shawn Connors

| | |
|---|---|
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |